IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cynthia Foster, ) | C/A No.: 3:19-2178-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| South Carolina Department of ) | |
| Public Safety, Regina Crolley, and ) | |
| Tonya Chambers, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the motion [ECF No. 26] of defendants South Carolina Department of Public Safety, Regina Crolley, and Tonya Chambers (collectively "Defendants") to compel Cynthia Foster ("Plaintiff") to produce complete responses to Defendants's First Set of Interrogatories, First Set of Requests for Production, and First Requests to Admit ("Discovery Requests").

The motion indicates Defendants served Discovery Requests on October 29, 2019, and Plaintiff hand-delivered responses on December 2, 2019. [ECF Nos. 26-1 and 26-2]. On December 11, 2019, Defendants sent Plaintiff a letter ("Letter") addressing deficiencies in all three responses to the Discovery Requests. [ECF No. 26-3]. Defendants's motion states they had received no

response as of January 9, 2020, the date the motion was filed. [ECF No. 26]. Plaintiff has also failed to file a response to the motion to compel.

A review of Plaintiff's responses to Defendants's Interrogatories reveals she objected to virtually every request and provided either no response or only partial response. Many of the objections state she is without legal counsel and/or there is an on-going investigation at the South Carolina State Administrative Human Resource Level. Defendants's Letter cites the applicable rule and states:

> Your position that there are open administrative matters does not mean that you are protected from answering the individual interrogatories. While you have made an effort to answer the interrogatories, our position is that your answers and objections are without merit. With regard to Interrogatories 1–3, if you know or have the names of individuals who have information and may serve as a witness it is your obligation to inform us of the person's name and what that person may testify about. Interrogatories 4, 5, 6, 7 and 11 ask for information to which we are entitled to receive, is relevant, and has time frames that are not unduly burdensome.

[ECF No. 26-3 at 4]. The court agrees with Defendant. Despite multiple opportunities—whether in her responses to Discovery Requests, in a response to Defendants's Letter, or in her lack of response to the motion—Plaintiff has provided no argument why Defendants are not entitled to the requested answers to their Interrogatories. Further, Plaintiff's lack of representation does not affect her obligations to comply with the Federal Rules of Civil Procedure. Similarly, Plaintiff's obligations to participate in discovery in this

court is not affected by internal investigations or administrative proceedings in other courts.

In response to Defendants's First Requests for Production, Plaintiff makes no attempt to provide individual responses, instead providing general objections and stating Defendants have "due rightfully access to all documents that have been legally filed pertaining to this action. . . ." [ECF No. 26-2 at 4]. In their Letter, after citing Fed. R. Civ. P. 34, Defendants state:

> Your position that there are open administrative matters does not mean that you are protected from answering the request to produce. To the extent that you [have] documents requested, it is your obligation to provide those documents to the specific requests to produce.

[ECF No. 26-3 at 7]. The court agrees with Defendant. Regardless of internal investigations of administrative proceedings in other courts, Plaintiff is obligated to identify documents responsive to each request and to produce them. If she does not have responsive documents, she should so state in formal responses.

Plaintiff provides the same general objections to Defendants's Requests to Admit as to the Request for Production. Defendants state that their position is Plaintiff has failed to comply with the rules and is therefore deemed to have admitted each of the Requests to Admit. [ECF No. 26-3 at 5]. The court disagrees Plaintiff is deemed to have admitted each request, as she

attempted to object to the requests. However, Plaintiff's objections are not justified and Defendants are entitled to responses to the Requests to Admit.

For the foregoing reasons, the court grants Defendants's motion to compel. As Defendants's Discovery Requests were first served three months ago, Plaintiff is directed to provide responses to all Discovery Requests by February 12, 2020. Because the time has expired to respond with objections, any and all objections are deemed waived under Fed. R. Civ. P. 33(b)(4).

Plaintiff is advised that failure to comply with this order may result in a recommendation that this case be dismissed for failure to participate in discovery and/or sanctions, including payment of Defendants's attorneys' fees and costs in preparing such motions. *See* Fed. R. Civ. P. 37(d)(3).

IT IS SO ORDERED.

*Shiva V. Hodges*

January 29, 2020  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge